IN THE UNITED STATES DISTRICT FOR
THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| ELFIDO GIOVANNI MAZARIEGOS, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF VIDAURA D. MAZARIEGOS AND AS NEXT FRIEND OF DGM, GDM, AND CDM, MINOR CHILDREN<br><br>      Plaintiff<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>      Defendant | § § § § § § § § § § § § § § § | No. 6:19-cv-9 |

## ORIGINAL COMPLAINT

Plaintiff ELFIDO GIOVANNI MAZARIEGOS, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF VIDAURA MAZARIEGOS AND AS NEXT FRIEND OF DGM, GDM, AND CDM, MINOR CHILDREN, brings this complaint under the Federal Tort Claims Act, 28 U.S.C. § 2674 against the United States of America and would respectfully show the following.

## PARTIES

**1.1.** This case arises out of the conduct of a physician employee at the Heart of Texas Community Health Center, Inc. d/b/a Family Health Center and/or Family Practice

Center, which is a federally funded facility subject to the provisions of the Federal Tort Claims Act.

**1.2.** Plaintiff ELFIDO GIOVANNI MAZARIEGO resides in Waco, Texas, within the jurisdiction of this Court. He is the husband of VIDAURA D. MAZARIEGOS, deceased. DGM, GDM, AND CDM are the biological children of ELFIDO GIOVANNI MAZARIEGO and VIDAURA D. MAZARIEGOS.

**1.3.** Defendant is the United States of America.

### JURISDICTION, VENUE, & SERVICE

**2.1.** This Federal District Court has jurisdiction because this action is brought pursuant to and in compliance with 28 U.S.C. §§ 1346(b), 2671-2680, commonly known as the Federal Tort Claims Act.

**2.2.** Venue is proper in this district pursuant to 28 U.S.C. § 3191(e)(1) because the United States is a defendant and Plaintiff resides in this district and no real property is involved in the action. Additionally, venue is proper because a substantial part of the events or omissions giving rise to the claim occurred in this District.

**2.3.** The United States of America may be served with process in accordance with Rule 4(i) of the Federal Rules of Civil Procedure. Service is affected by serving a copy of the Summons and Complaint on the United States Attorney John F. Bash, United States Attorney for the Western District of Texas by certified mail, return receipt requested at his office:

>Office of the United States Attorney
>For the Western District of Texas
>ATTN: Civil Process Clerk, Ms. Stephanie Rico
>601 NW Loop 410, Suite 600
>San Antonio, Texas 78216-5597

**2.4.** Service is also affected by serving a copy of the Summons and Complaint on Matthew Whitaker, Acting Attorney General of the United States, by certified mail, return receipt requested at:

>The Attorney General's Office
>ATTN: Civil Process Clerk
>950 Pennsylvania Avenue, NW
>Washington, DC 20530-0001

## LIABILITY OF THE UNITED STATES

**3.1.** This case is commenced and prosecuted against the United States of America in compliance with Title 28 U.S.C. §§ 2671‑80, the Federal Tort Claims Act. Liability of the United States is predicated specifically on 28 U.S.C. § 2674 because the personal injuries and resulting damages of which the complaint is made were proximately caused by the negligence, wrongful acts or omissions of employees or agents of the United States of America working for a federally funded facility, Heart of Texas Community Health Center, Inc., d/b/a Family Health Center in Waco, Texas, while acting within the scope of their office, employment, or agency under circumstances where the United States of America, if a private person, would be liable to the Plaintiffs. Under section 224 of the Public Health Service Act, as amended by the Federally Supported Health Centers Assistance Act of 1992 and 1995, employees of eligible health centers may be deemed to be Federal Employees qualified for protection under the FTCA. Heart of Texas Community

Health Center, Inc., d/b/a Family Health Center is a federally-funded clinic deemed to be covered by the FTCA pursuant to 42 U.S.C. §233.

**3.2.** At all times material to this action, Heart of Texas Community Health Center, Inc., d/b/a Family Health Center was the employer of Clint McHenry, DO. At all times material to this action, Clint McHenry, DO was an agent, servant, or employee of the United States of America acting within the course and scope of his employment.

**THE DEPARTMENT OF HEALTH & HUMAN SERVICES IS AN AGENCY OF THE UNITED STATES**

**4.1.** The United States Department of Health & Human Services is an agency of the United States of America. The United States of America, Defendant herein, through its agency, the United States Department of Health & Human Services, at all times material hereto, owned, operated and/or controlled the health care facility known as the Heart of Texas Community Health Center, Inc., d/b/a Family Health Center. Through its agency, the United States Department of Health & Human Services, the United States of America staffed said health care facility with its agents, services, and/or employees. Heart of Texas Community Health Center, Inc., d/b/a Family Health Center is a federally funded clinic deemed to be covered by the FTCA pursuant to 42 U.S.C. §233.

## JURISDICTIONAL PREREQUISITES

**5.1.** Pursuant to 28 U.S.C. §§ 2672 and 2675(a), the claims set forth herein were filed with and presented administratively to the Department of Health & Human Services on April 24, 2015.

**5.2.** On July 12, 2018, the Department of Health & Human Services finally denied Plaintiff's claim in writing. This lawsuit was filed within six (6) months of the final denial of Plaintiff's claims. Accordingly, Plaintiff has complied with all jurisdictional prerequisites and conditions precedent to the commencement and prosecution of this suit.

## FACTS

**6.1.** This claim concerns substandard medical care provided by agents, servants, and employees at Heart of Texas Community Health Center, Inc., d/b/a Family Health Center to Vidaura Mazariegos, including, but not limited to, delay in diagnosing and treating postpartum endometritis and myometritis, which ultimately led to her death from septic shock and disseminated intravascular coagulation.

**6.2.** On November 8, 2013, Vidaura Mazariegos presented to Hillcrest Baptist Medical Center for a repeat cesarean section. She had received prenatal care at the Family Health Center, during which time her only prenatal complication was that she was group B strep positive. Ancef 1 gram IV was given within an hour of the abdominal incision. Her complete blood count reflected a drop in her hemoglobin and hematocrit from 11.7 and 33.8 to 8.8 and 25.4 postpartum, with a slight rise in the white blood cell count from 5.5 to 7.1. She had a small amount of incisional drainage on her abdominal dressing after delivery

that did not spread. In addition, she was afebrile and her vital signs were stable on discharge and throughout her stay. She was discharged on November 10, 2013.

**6.3.** On November 14, 2013, Ms. Mazariegos presented to the Family Health Clinic for removal of fourteen staples in her abdomen. At that time, there was no redness or signs of infection noted by the nurse, Megan Rutledge, who cleaned the incision with sterile water and placed steri strips.

**6.4.** On November 26, 2013, Ms. Mazariegos presented to Clint W. McHenry, D.O., at the Family Health Clinic with complaints of dry cough, sore throat, headache and fever for the past week. Dr. McHenry noted there were several children at home with the same complaints. Her temperature at the time of visit was 98.7 (temporal). She was also complaining of severe abdominal pain on the right side of her abdominal incision with coughing. The incision was noted to be clean, dry and intact with mild tenderness to palpation on the right side. Estimated time spent with Ms. Mazariegos was noted to be fifteen minutes. Dr. McHenry noted that he believed the symptoms to be most consistent with a viral URI. He obtained a urinalysis to ensure she didn't have a urinary tract infection. The urinalysis was considered normal. Her complaints of severe abdominal pain were thought to be due to coughing and recent cesarean delivery.

**6.5.** Dr. McHenry failed to perform a complete history and physical during this visit by failing to inquire concerning the range of the "subjective fevers at home"; failing to inquire whether or not Ms. Mazariegos had used any antipyretics at home to bring down her fever; failing to inquire as to the presence of any foul-smelling lochia or vaginal discharge; failing to perform a vaginal exam; and failing to order a complete blood count

to rule out abdominal infection as a potential source of her severe abdominal pain and other symptoms.

**6.6.** If Dr. McHenry had performed a thorough and complete history and physical, he would have, more likely than not, discovered signs and symptoms consistent with an abdominal infection for which intravenous antibiotic treatment and hospitalization were mandated. Instead, Dr. McHenry performed a cursory exam totaling approximately fifteen minutes and sent Ms. Mazariegos home to die from septic shock and disseminated intravascular coagulation.

**6.7.** On November 28, 2013, Ms. Mazriegos collapsed in the parking lot outside the emergency room of Hillcrest Baptist Medical Center. Her husband reported that she had been to the clinic the previous day because she had not been feeling well, but that she had been reassured by the health care providers at the clinic. He stated that his wife felt worse the morning of the 28th and asked to be brought to the hospital, but that she had collapsed in the parking lot. CPR was begun by her husband in the parking lot and then continued by paramedics who arrived at the scene. She was brought into the Emergency Room at about 1510. Over the next 30 minutes, she coded two additional times and at the 3rd arrest, they were unable to achieve return of cardiac output and she was pronounced dead at 1700. Her husband was in the room throughout the resuscitative efforts. Chest x-ray revealed moderate fairly diffuse bilateral pulmonary infiltrates/edema with normal heart size. Complete blood count revealed a white count of 2.1, Hemoglobin of 6.3, platelet estimate of 20, PT of 50, PTT of 157 and INR of 5.9. These numbers are consistent with sepsis and disseminated intravascular coagulation.

**6.8.** Dr. Jill Urban of Lone Star Autopsy performed an autopsy on Ms. Mazareigos on December 4, 2013. Her findings included that the cardiovascular system was normal, that decomposition involved the uterus disproportionate compared to the other viscera, and that the organ showed an extreme dark red discoloration and softening. Dr. Urban further noted that the endometrial surface was dark and malodorous with extreme dark red discoloration of the uterine cervix and proximal vaginal mucosa.

**6.9.** Microscopic exam revealed that the sections of the heart were that of normal architecture in the setting of decomposition. Microscopic examination of the uterus revealed entrapped suture material with myometrial necrosis, along with dense chronic inflammation with numerous plasma cells as well as admixed neutrophils and necrosis superimposed on decomposition. She further noted that there were scattered aggregates of bacteria with most of the endometrium denuded but where present, was hemorrhagic with admixed acute and chronic inflammatory cells. There was diffuse, marked vascular distension and congestion from the cervical section along with multiple aggregates of bacteria, predominantly within the vessels.

**6.10.** Based upon the clinical history and Ms. Mazariegos' presentation with complaints of fever and abdominal pain and findings of an enlarged and boggy uterus with microscopic features of endometritis and myometritis with necrosis, Dr. Urban concluded that Ms. Mazariegos died as a result of postpartum endometritis and myometritis after cesarean delivery. The prominence and distribution of the bacterial overgrowth suggested sepsis, with the uterus the probable nidus for infection.

**6.11.** U.S. Government health care providers failed to properly investigate, recognize and diagnose an intrauterine infection on November 26, 2013. Had the health

care providers at the Family Health Center in Waco, Texas performed appropriate diagnostic testing and history and physical exam, more likely than not the intrauterine infection would have been diagnosed, treated and cured.  Vidaura Mazariegos was only 38 years old and left behind three minor children, one of whom was a newborn who will never know his mother.

## CAUSE OF ACTION

**7.1.** Through its employees, agents, or servants, the Defendant, United States of America, was negligent in one or more of the following respects:

  7.1.1. Failure to conduct an adequate examination;

  7.1.2. Failure to order adequate diagnostic testing;

  7.1.3. Failure to timely diagnose postpartum endometritis and myometritis;

  7.1.4. Failure to timely treat postpartum endometritis and myometritis.

**7.2.** At all times material to this action, the employees, agents, or representatives of the United States of America were negligent and caused the injuries sustained by Plaintiff.

## DAMAGES

**8.1.** As a proximate and direct result of the Defendant's negligent acts or omissions, Plaintiff suffered injuries, which would not have occurred otherwise. On behalf of the estate of Vidaura Mazariegos, Elfido Giovanni Mazariegos pleads for all damages available under Texas state law, federal law, and equity, including:

  8.1.1. Pain and mental anguish;

8.1.2. Medical expenses; and

8.1.3. Funeral and burial expenses;

**8.2.** On behalf of himself, Elfido Giovanni Mazariegos pleads for all damages available under Texas state law, federal law, and equity, including:

8.2.1. Past and future pecuniary loss;

8.2.2. Past and future loss of companionship and society; and

8.2.3. Past and future mental anguish;

**8.3.** As Next Friend of DGM, GDM, AND CDM, Elfido Giovanni Mazariegos pleads for all damages available under Texas state law, federal law, and equity, including:

8.3.1. Past and future pecuniary loss;

8.3.2. Past and future loss of companionship and society; and

8.3.3. Past and future loss of inheritance;

**8.4.** Plaintiff Elfido Giovanni Mazariegos further pleads for all other damages, pecuniary or otherwise, arising out of law or equity, that he may be justly and equitably entitled to, in the wisdom of the Court.

## PRAYER

Plaintiff requests that Defendant be cited to appear and answer this Complaint; that upon final trial, Plaintiff have judgment against Defendant, for the amount of actual damages and for other and different amounts as they shall show by proper amendment before trial; for post-judgment interest at the applicable legal rate; for all Court costs incurred in this litigation; and for such other relief, at law and in equity, both general and special, to which Plaintiff may show himself entitled.

Respectfully Submitted,

/s/ Michelle M. Cheng
EUGENE W. BREES
cbrees@nationaltriallaw.com
Texas State Bar #02947500
MICHELLE M. CHENG
mcheng@nationaltriallaw.com
Texas State Bar #00796345
Whitehurst, Harkness, Brees, Cheng,
Alsaffar, Higginbotham, & Jacob PLLC
7500 Rialto Blvd, Bldg Two, Ste 250
Austin, TX 78735
(512) 476-4346 (o)
(512) 467-4400 (f)

Attorneys for the Plaintiff